UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BENNIE CLARK #R6534                                                      PETITIONER

VS.                                             CIVIL ACTION NO.1:04CV322-WAP-JAD

WARDEN BRADLEY, ET AL.                                                  RESPONDENTS

## REPORT AND RECOMMENDATION

The State has moved to dismiss(Doc. 15) this petition pursuant to 28 U.S.C. §2254, on the ground that the petition is barred by the statute of limitations.

28 U.S.C. §2244(d) provides:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing a application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Bennie Clark was convicted of murder in the Circuit Court of Attala County and sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. On July 18, 2000, the Mississippi Court of Appeals affirmed Clark's conviction and sentence. Clark's motion for rehearing was denied on July 18, 2000. The petition for certiorari to the Mississippi Supreme Court was denied on October 5, 2000. The judgment of conviction became final upon the expiration of the ninety days time allowed for the filing of a petition for certiorari to the United States Supreme Court. The one year period for the filing of a federal petition for habeas corpus began on January 3, 2001. Therefore, unless Clark filed a "properly filed" application in state court as contemplated by 28 U.S.C. §2244(d)(2) on or before January 3, 2002. the running of the statute of limitations would not be tolled. The record reveals no application in state court prior to January 3, 2002. The filings after that time have no impact on the period of limitation. His petition in this court was filed under the mail box rule between October 7th and October 12th, 2004. His petition here is time barred.

Accordingly, it is recommended that the State's motion be granted and this petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted, this 11th day of May, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE